Jon H. Weiner, OSB #99394
jweiner@nw-attorneys.com
Harris Law Firm
1595 Commercial Street NE
Salem, OR 97301
Tel: (503) 399-7001
Fax: (503) 399-0745

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| YUANXIANG ZHANG, LIQIONG DENG, and CANWEN ZHANG, | Case No. 13-cv-00838 |
| Plaintiffs, | **COMPLAINT-** |
| | **Claims for violations of minimum wage and overtime compensation provisions of the Fair Labor Standards Act (FLSA), 29 USC §§ 206, 207, 216(b); State law claims for Unpaid Overtime and Minimum Wages, and Failure to Timely Pay Wages Due and Owing Upon Termination of Employment, ORS 652.140, ORS 652.150, ORS 653.025, ORS 653.055, ORS 653.261; Intentional Infliction of Emotional Distress.** |
| v. | |
| BING'S RESTAURANT, INC., an Oregon domestic business corporation, PAUL JOE, and SUE JOE, | |
| Defendants. | **(Demand for Jury Trial)** |

Plaintiff alleges:

Page 1 of 21 – COMPLAINT

PRELIMINARY STATEMENT

1.

Plaintiffs YuanXiang Zhang ("YuanXiang"), Liqiong Deng ("Mrs. Deng"), and Canwen

Zhang ("Canwen") (hereinafter collectively referred to as "plaintiffs") assert claims for wage and

hour violations and intentional infliction of emotional distress under state and federal law.

Plaintiffs demand a jury trial.  The allegations set forth below apply to "all times relevant"

without regard to whether those allegations are set forth in the present or past tense.

JURISDICTION

2.

This Court has federal question jurisdiction over Plaintiffs' Fair Labor Standards Act

(FLSA) claims pursuant to 28 USC § 1331, since this action is authorized and instituted pursuant

to 29 USC § 216(b).   This Court has supplemental jurisdiction over plaintiffs' state law claims

pursuant to 28 U.S.C. § 1367.  Plaintiffs' state law claims are so closely related to their federal

law claims that they form part of the same case or controversy under Article III of the United

States Constitution.

VENUE

3.

Venue is appropriate in this Court under 28 U.S.C. § 1391 because the events giving rise

to this complaint occurred in Columbia County, Oregon.  Plaintiffs are residents of Oakland,

Alameda County, California.  Defendant, Bing's Restaurant, Inc. ("Bing's") is an Oregon

domestic business corporation with its principle place of business located in St. Helens,

Columbia County, Oregon.  A substantial part of the events or omissions giving rise to the claims

occurred in Columbia County, Oregon.

Page 2 of 21 – COMPLAINT

4.

At all times relevant, Bing's employed plaintiffs at its St. Helens location and conducted regular, substantial, and sustained business activity in the State of Oregon, including but not limited to Columbia County.

## FACTUAL ALLEGATIONS

### (Common to All Claims)

5.

During the term of plaintiffs' employment at Bing's, all of their work was subject to the requirements of the FLSA and Oregon's state wage and hour laws. Plaintiffs were engaged in commerce for purposes of the FLSA, and worked on or otherwise handled goods moving in interstate commerce. Bing's was an enterprise engaged in commerce for purposes of the FLSA. Upon information and belief, Bing's enjoys a gross volume of sales in excess of $500,000.

6.

In or around October 2007, Bing's hired YuanXiang, Mrs. Deng (his wife), and Canwen (YuanXiang and Mrs. Deng's son). Plaintiffs are of Asian race and of Chinese national origin. They are not citizens of the United States.

7.

Plaintiffs' employment with Bing's allowed them to obtain "green cards" authorizing them to be lawfully employed in the United States.

8.

Defendants Paul Joe and Sue Joe (Paul Joe's mother) possess a controlling interest in Bing's. They were each actively involved in managing and running the business. They were responsible for, and had ultimate decisionmaking authority over, the processing of payroll, payroll policy and

Page 3 of 21 – COMPLAINT

practices, scheduling, and all other personnel matters.  Bing's, Paul Joe, and Sue Joe were plaintiffs' employers for purposes of the FLSA and Oregon wage-and-hour laws.  Bing's, Paul Joe, and Sue Joe are each individually and jointly-and-severally liable as to each of the claims asserted below.

9.

Plaintiffs made numerous complaints to Paul and Sue Joe about the non-payment and underpayment of wages.  In response, plaintiffs were threatened on several occasions with the loss of their green cards.

**(Facts Specific to YuanXiang and Mrs. Deng)**

10.

Bing's employed YuanXiang and Mrs. Deng as kitchen helpers for an orally agreed upon compensation of $1400 per month, per person.  Bing's stated that it would pay $1100 of YuanXiang's compensation by check, and $300 in cash.  Bing's stated that Mrs. Deng's compensation was to be paid entirely in cash.

11.

Plaintiffs YuanXiang and Mrs. Deng were generally scheduled to work four, 8.5-hour shifts from Sunday through Thursday, and two, 10-hour shifts on Friday and Saturday. YuanXiang and Mrs. Deng had one day off per week on either Monday or Tuesday.  Plaintiffs' actual hours of work exceeded the scheduled hours of labor.  YuanXiang and Mrs. Deng averaged 54 hours of labor per week, per person, or 14 hours of uncompensated overtime labor per week for each week they were employed by Bing's.

12.

From October 2007 to December 2007, YuanXiang and Mrs. Deng were each compensated $1400 in cash per month.

Page 4 of 21 – COMPLAINT

13.

From January 2008 to September 2008, YuanXiang was compensated $1400 per month -- $1100 by paycheck and $300 in cash.  Mrs. Deng was compensated $1400 per month in cash.

14.

From October 2008 to November 2009, YuanXiang and Mrs. Deng received no compensation for their labor.

15.

From October 2007 to August 2009, YuanXiang and Mrs. Deng were living with one of YuanXiang's brothers, paying $700 in rent every two months and living off of their life-savings. In September 2009, YuanXiang and Mrs. Deng moved residencies and had to pay rent of $650 every month.  It was in or around September 2009 that YuanXiang and Mrs. Deng began complaining to Paul Joe about not being paid.  Paul and Sue Joe were aware of the financial circumstances faced by ZuanXiang and Mrs. Deng.

16.

 In December 2009, YuanXiang received no compensation for his labor.  Mrs. Deng received $1000 in cash on or around December 30, 2009.

17.

From January 2010 to April 2012, YuanXiang and Mrs. Deng irregularly received partial payment of their wages, tendered in varying amounts.  An accounting of the payments made to YuanXiang and Mrs. Deng is illustrated in the chart attached hereto and incorporated herein by this reference as 'Exhibit A.'

18.

In April 2012, YuanXiang and Mrs. Deng resigned from employment with Bing's.

Page 5 of 21 – COMPLAINT

19.

YuanXiang and Mrs. Deng attempted to obtain their unpaid wages on numerous

occasions, including but not limited to: personal appeals to Paul Joe and Sue Joe; drafting a

payment plan; drafting a demand letter; and placing multiple phone calls.  Those attempts have

proven unsuccessful as of the date of filing of this Complaint.

20.

YuanXiang and Mrs. Deng experienced severe emotional distress in the form of loss of

sleep, fright, grief, shame, humiliation, embarrassment, anger, disappointment, and worry as a

result of defendants' conduct during their term of employment at Bing's.

**(Facts Specific to Canwen)**

21.

Bing's employed Canwen (YuanXiang and Mrs. Deng's son) as a delivery person and

host assistant for an orally agreed upon compensation of $1000 per month.

22.

From October 2007 to December 2007, Canwen labored an average of 10 hours a day,

every day of the week.

23.

From October 2007 to November 2007, Canwen received $1000 a month as

compensation for his labor.  In December 2007, Canwen received a computer with a fair market

value between $700 and $1000 as compensation for his labor.

Page 6 of 21 – COMPLAINT

24.

In January 2008, Canwen enrolled in community college and his hours of work were reduced.  From January 2008 to June 20, 2008, Canwen worked an average of 6 hours per day, 4 days per week.  Canwen did not receive any compensation for his labor those months.

25.

During the summer of 2008, Canwen went to China and returned to the United States. From August 23, 2008 to February 28, 2009, Canwen worked an average of 6 hours per day, 4 days per week.  Canwen did not receive any compensation for his labor those months.

26.

In or around late February 2009, Canwen stopped working for Bing's because he was not being compensated for his work.

27.

Canwen experienced severe emotional distress in the form of loss of sleep, fright, grief, shame, humiliation, embarrassment, anger, disappointment, and worry as a result of defendants' conduct during his term of employment at Bing's.

## FIRST CLAIM – VIOLATIONS OF FLSA

### YuanXiang against all defendants

#### (Count 1 – Failure to Pay Minimum Wage under FLSA)

28.

Plaintiff incorporates and realleges paragraphs 1 through 27 by this reference. Pursuant to 29 USC § 206, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the

Page 7 of 21 – COMPLAINT

following rates: …not less than (A) $5.85 an hour, beginning on the 60th day after May 27, 2007; (B) $6.55 an hour, beginning 12 months after that 60th day; and (C) $7.25 an hour, beginning 24 months after that 60th day…[.]"  Defendant willfully violated this provision when it failed to pay YuanXiang at least minimum wages for all hours worked.

29.

Pursuant to 29 USC § 206, YuanXiang is entitled to compensation for the unpaid minimum wages, in an amount to be determined at trial.  Pursuant to 29 USC § 216(b), YuanXiang is also entitled to an equal amount in liquidated damages in addition to reasonable attorney fees and costs, each in an amount to be determined at trial.

**(Count 2 – Failure to Pay Overtime Compensation under FLSA)**

30.

Plaintiff incorporates and realleges paragraphs 1 through 29 by this reference. Pursuant to 29 USC § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."  Defendant willfully violated these provisions when it failed to compensate YuanXiang at a rate not less than one and one-half times the regular rate of pay for hours worked in excess of 40 hours per week, as required.

31.

Pursuant to 29 USC § 207, YuanXiang is entitled to overtime compensation for the overtime hours worked for which he has not been compensated, in an amount to be determined at trial.

Page 8 of 21 – COMPLAINT

Pursuant to 29 USC § 216(b), YuanXiang is also entitled to an equal amount in liquidated damages in addition to reasonable attorney fees and costs, each in an amount to be determined at trial.

## SECOND CLAIM – VIOLATIONS OF FLSA

### Mrs. Deng against all defendants

### (Count 1 – Failure to Pay Minimum Wage under FLSA)

32.

Plaintiff incorporates and realleges paragraphs 1 through 31 by this reference. Pursuant to 29 USC § 206, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: …not less than (A) $5.85 an hour, beginning on the 60th day after May 27, 2007; (B) $6.55 an hour, beginning 12 months after that 60th day; and (C) $7.25 an hour, beginning 24 months after that 60th day…[.]"  Defendant willfully violated this provision when it failed to pay Mrs. Deng at least minimum wages for all hours worked.

33.

Pursuant to 29 USC § 206, Mrs. Deng is entitled to compensation for the unpaid minimum wages, in an amount to be determined at trial.  Pursuant to 29 USC § 216(b), Mrs. Deng is also entitled to an equal amount in liquidated damages in addition to reasonable attorney fees and costs, each in an amount to be determined at trial.

### (Count 2 – Failure to Pay Overtime Compensation under FLSA)

34.

Plaintiff incorporates and realleges paragraphs 1 through 33 by this reference. Pursuant to 29 USC § 207, "no employer shall employ any of his employees who in any workweek is

**JON H. WEINER,** Attorney at Law
*Of Counsel to Harris Law Firm, P.C.*
1595 Commercial Street NE, Salem, OR 97301
Tel. (503)399-7001  Fax (503)399-0745

engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."  Defendant willfully violated these provisions when it failed to compensate Mrs. Deng at a rate not less than one and one-half times the regular rate of pay for hours worked in excess of 40 hours per week, as required.

35.

Pursuant to 29 USC § 207, Mrs. Deng is entitled to overtime compensation for the overtime hours worked for which she has not been compensated, in an amount to be determined at trial. Pursuant to 29 USC § 216(b), Mrs. Deng is also entitled to an equal amount in liquidated damages in addition to reasonable attorney fees and costs, each in an amount to be determined at trial.

## THIRD CLAIM – STATE MINIMUM WAGE AND OVERTIME VIOLATIONS

### YuanXiang against all defendants

### (Count 1 – Violation of Minimum Wage Laws, ORS 653.025, ORS 653.055)

36.

Plaintiff incorporates and realleges paragraphs 1 through 35 by this reference.  Pursuant to ORS 653.055: "Any employer who pays an employee less than the wages to which the employee is entitled under ORS 653.010 to 653.261 is liable to the employee affected: (a) For the full amount of the wages, less any amount actually paid to the employee by the employer; and (b) For civil penalties provided in ORS 652.150."  Pursuant to ORS 653.025, "for each hour of work time that the employee is gainfully employed, no employer shall employ or agree to employ any employee at wages computed at a rate lower than…[f]or calendar years after 2003, a

Page 10 of 21 – COMPLAINT

rate adjusted for inflation.  Oregon minimum wage was at the following rates for the years of 2007-2013: $7.80 (2007), $7.95 (2008), $8.40 (2009 & 2010), $8.50 (2011), $8.80 (2012), $8.95 (2013).  Defendant  willfully violated this provision when it failed to pay YuanXiang at least minimum wages for all hours worked.

37.

Pursuant to ORS 652.025 and 653.055, YuanXiang is entitled to compensation for the unpaid minimum wages, in an amount to be determined at trial.  Pursuant to ORS 653.055 and ORS 652.150, he is also entitled to penalty wages.  Pursuant to ORS 653.055(4) and ORS 652.200, YuanXiang is also entitled to his reasonable attorney fees and costs.

**(Count 2 – Violation of Overtime Laws, ORS 653.261, OAR 839-020-0030)**

38.

Plaintiff incorporates and realleges paragraphs 1 through 37 by this reference.  Pursuant to ORS 653.261 and OAR 839-020-0030, "all work performed in excess of forty (40) hours per week must be paid for at the rate of not less than one and one-half times the regular rate of pay when computed without benefits of commissions, overrides, spiffs, bonuses, tips or similar benefits pursuant to ORS 653.261(1)."  Defendant willfully violated this provision when it failed to compensate YuanXiang at a rate not less than one and one-half times the regular rate of pay for hours worked in excess of 40 hours per week, as required.

39.

Pursuant to ORS 653.261 and OAR 839-020-0030, YuanXiang is entitled to compensation for unpaid overtime, in an amount to be determined at trial.  Pursuant to ORS 653.055 and ORS 652.150, he is also entitled to penalty wages.  Pursuant to ORS 653.055(4) and ORS 652.200, YuanXiang is also entitled to his reasonable attorney fees and costs.

Page 11 of 21 – COMPLAINT

## FOURTH CLAIM – – STATE MINIMUM WAGE AND OVERTIME VIOLATIONS

### Mrs. Deng against all defendants

### (Count 1 – Violation of Minimum Wage Laws, ORS 653.025, ORS 653.055)

40.

Plaintiff incorporates and realleges paragraphs 1 through 39 by this reference.  Pursuant to ORS 653.055: "Any employer who pays an employee less than the wages to which the employee is entitled under ORS 653.010 to 653.261 is liable to the employee affected: (a) For the full amount of the wages, less any amount actually paid to the employee by the employer; and (b) For civil penalties provided in ORS 652.150."  Pursuant to ORS 653.025, "for each hour of work time that the employee is gainfully employed, no employer shall employ or agree to employ any employee at wages computed at a rate lower than…[f]or calendar years after 2003, a rate adjusted for inflation.  Oregon minimum wage was at the following rates for the years of 2007-2013: $7.80 (2007), $7.95 (2008), $8.40 (2009 & 2010), $8.50 (2011), $8.80 (2012), $8.95 (2013).  Defendant  willfully violated this provision when it failed to pay Mrs. Deng at least minimum wages for all hours worked.

41.

Pursuant to ORS 652.025 and 653.055, YuanXiang is entitled to compensation for the unpaid minimum wages, in an amount to be determined at trial.  Pursuant to ORS 653.055 and ORS 652.150, she is also entitled to penalty wages.  Pursuant to ORS 653.055(4) and ORS 652.200, Mrs. Deng is also entitled to her reasonable attorney fees and costs.

**JON H. WEINER,** Attorney at Law
*Of Counsel to Harris Law Firm, P.C.*
1595 Commercial Street NE, Salem, OR 97301
Tel. (503)399-7001  Fax (503)399-0745

**(Count 2 – Violation of Overtime Laws, ORS 653.261, OAR 839-020-0030)**

42.

Plaintiff incorporates and realleges paragraphs 1 through 41 by this reference.  Pursuant to ORS 653.261 and OAR 839-020-0030, "all work performed in excess of forty (40) hours per week must be paid for at the rate of not less than one and one-half times the regular rate of pay when computed without benefits of commissions, overrides, spiffs, bonuses, tips or similar benefits pursuant to ORS 653.261(1)."  Defendant willfully violated this provision when it failed to compensate Mrs. Deng at a rate not less than one and one-half times the regular rate of pay for hours worked in excess of 40 hours per week, as required.

43.

Pursuant to ORS 653.261 and OAR 839-020-0030, Mrs. Deng is entitled to compensation for unpaid overtime, in an amount to be determined at trial.  Pursuant to ORS 653.055 and ORS 652.150, she is also entitled to penalty wages.  Pursuant to ORS 653.055(4) and ORS 652.200, Mrs. Deng is also entitled to her reasonable attorney fees and costs.

## FIFTH CLAIM – – STATE MINIMUM WAGE AND OVERTIME VIOLATIONS

### Canwen against all defendants

**(Count 1 – Violation of Minimum Wage Laws, ORS 653.025, ORS 653.055)**

44.

Plaintiff incorporates and realleges paragraphs 1 through 43 by this reference.  Pursuant to ORS 653.055: "Any employer who pays an employee less than the wages to which the employee is entitled under ORS 653.010 to 653.261 is liable to the employee affected: (a) For the full amount of the wages, less any amount actually paid to the employee by the employer; and (b) For civil penalties provided in ORS 652.150."  Pursuant to ORS 653.025, "for each hour

Page 13 of 21 – COMPLAINT

of work time that the employee is gainfully employed, no employer shall employ or agree to employ any employee at wages computed at a rate lower than…[f]or calendar years after 2003, a rate adjusted for inflation.  Oregon minimum wage was at the following rates for the years of 2007-2013: $7.80 (2007), $7.95 (2008), $8.40 (2009 & 2010), $8.50 (2011), $8.80 (2012), $8.95 (2013).  Defendant willfully violated this provision when it failed to pay Canwen at least minimum wages for all hours worked.

45.

Pursuant to ORS 652.025 and 653.055, Canwen is entitled to compensation for the unpaid minimum wages, in an amount to be determined at trial.  Pursuant to ORS 653.055 and ORS 652.150, he is also entitled to penalty wages.  Pursuant to ORS 653.055(4) and ORS 652.200, Canwen is also entitled to his reasonable attorney fees and costs.

**(Count 2 – Violation of Overtime Laws, ORS 653.261, OAR 839-020-0030)**

46.

Plaintiff incorporates and realleges paragraphs 1 through 46 by this reference.  Pursuant to ORS 653.261 and OAR 839-020-0030, "all work performed in excess of forty (40) hours per week must be paid for at the rate of not less than one and one-half times the regular rate of pay when computed without benefits of commissions, overrides, spiffs, bonuses, tips or similar benefits pursuant to ORS 653.261(1)."  Defendant willfully violated this provision when it failed to compensate Canwen at a rate not less than one and one-half times the regular rate of pay for hours worked in excess of 40 hours per week, as required.

47.

Pursuant to ORS 653.261 and OAR 839-020-0030, Canwen is entitled to compensation for unpaid overtime, in an amount to be determined at trial.  Pursuant to ORS 653.055 and ORS

Page 14 of 21 – COMPLAINT

652.150, he is also entitled to penalty wages.  Pursuant to ORS 653.055(4) and ORS 652.200,

Canwen is also entitled to his reasonable attorney fees and costs.

## SIXTH CLAIM – VIOLATION OF ORS 652.140

### YuanXiang against all defendants

### (Failure to Pay Wages Upon Termination of Employment)

48.

Plaintiff incorporates and realleges paragraphs 1 through 47 by this reference.  Pursuant

to ORS 652.140, an employee is entitled to all wages unpaid and owing at termination of

employment.  Pursuant to ORS 652.150, an employee is entitled to payment of those wages and

up to 30 days' penalty wages in addition to reasonable attorney fees and costs (penalty wages

being defined as eight hours pay for each day that wages remain unpaid, subject to a cap of 30

days' penalty wages).

49.

At the time of the termination of his employment with Bing's, YuanXiang was owed unpaid

minimum wages and overtime compensation under the FLSA.  That compensation was not timely

paid upon termination of his employment, as required under ORS 652.140 and ORS 652.150.  Bing's

was provided a notice of nonpayment as required under ORS 652.150(2), but failed to pay the unpaid

compensation within 12 days.  Bing's has continued in its failure to make any such payment.

50.

Pursuant to ORS 652.140 and ORS 652.150, YuanXiang is entitled to payment of unpaid

minimum wages and overtime compensation, plus 30 days' penalty wages, all in an amount to be

determined at trial.  YuanXiang is also entitled to his reasonable costs and attorney fees under

ORS 652.200.

Page 15 of 21 – COMPLAINT

## SEVENTH CLAIM – VIOLATION OF ORS 652.140

### Mrs. Deng against all defendants

### (Failure to Pay Wages Upon Termination of Employment)

51.

Plaintiff incorporates and realleges paragraphs 1 through 50 by this reference.  Pursuant to ORS 652.140, an employee is entitled to all wages unpaid and owing at termination of employment.  Pursuant to ORS 652.150, an employee is entitled to payment of those wages and up to 30 days' penalty wages in addition to reasonable attorney fees and costs (penalty wages being defined as eight hours pay for each day that wages remain unpaid, subject to a cap of 30 days' penalty wages).

52.

At the time of termination of her employment with Bing's, Mrs. Deng was owed unpaid minimum wages and overtime compensation under the FLSA.  That compensation was not timely paid upon termination of her employment, as required under ORS 652.140 and ORS 652.150.  Bing's was provided a notice of nonpayment as required under ORS 652.150(2), but failed to pay the unpaid compensation within 12 days.  Bing's has continued in its failure to make any such payment.

53.

Pursuant to ORS 652.140 and ORS 652.150, Mrs. Deng is entitled to payment of unpaid minimum wages and overtime compensation, plus 30 days' penalty wages, all in an amount to be determined at trial.  Mrs. Deng is also entitled to her reasonable costs and attorney fees under ORS 652.200.

**JON H. WEINER,** Attorney at Law
*Of Counsel to Harris Law Firm, P.C.*
1595 Commercial Street NE, Salem, OR 97301
Tel. (503)399-7001  Fax (503)399-0745

## EIGHTH CLAIM – VIOLATION OF ORS 652.140

### Canwen against all defendants

### (Failure to Pay Wages Upon Termination of Employment)

54.

Plaintiff incorporates and realleges paragraphs 1 through 53 by this reference.  Pursuant to ORS 652.140, an employee is entitled to all wages unpaid and owing at termination of employment.  Pursuant to ORS 652.150, an employee is entitled to payment of those wages.

55.

At the time of termination of his employment with Bing's, Canwen was owed unpaid minimum wages and overtime compensation under the FLSA.  That compensation was not timely paid upon termination of his employment, as required under ORS 652.140 and ORS 652.150.  Bing's was provided a notice of nonpayment as required under ORS 652.150(2), but failed to pay the unpaid compensation within 12 days.  Bing's has continued in its failure to make any such payment.

56.

Pursuant to ORS 652.140 and ORS 652.150, Canwen is entitled to payment of unpaid minimum wages and overtime compensation in an amount to be determined at trial.  Canwen is also entitled to his reasonable costs and attorney fees under ORS 652.200.

## NINTH CLAIM – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### All Plaintiffs against all defendants

57.

Plaintiffs incorporate and reallege paragraphs 1 through 56 by this reference.  Plaintiff had an employer-employee relationship with Bing's.  Bing's knew that the aforementioned

Page 17 of 21 – COMPLAINT

conduct would cause severe mental or emotional distress or acted with a high degree of probability that the mental or emotional distress would result.

58.

Bing's conduct caused plaintiffs severe mental or emotional distress from the foreseeable highly unpleasant emotional reactions including fright, grief, shame, humiliation, stress, embarrassment, anger, disappointment, and worry.  Plaintiffs have also suffered disturbances in their sleep as a result of being subjected to Bing's actions.

59.

The aforementioned actions of Bing's consisted of an extraordinary transgression of contemporary standards of civilized conduct toward an employee.

60.

As a result of Bing's intentional actions, plaintiffs have suffered economic damages in an amount to be determined at trial and non-economic damages in the form of severe emotional distress in an amount to be determined at trial.

WHEREFORE, Plaintiffs demand the following for their claims for relief which is more specifically set forth under the various claims:

1. First Claim for Relief – YuanXiang against defendants Bing's, Paul Joe, and Sue Joe:

   A. Unpaid minimum wages and liquidated damages in an amount to be determined at the time of trial, in addition to reasonable attorney fees and costs pursuant to 29 USC § 216(b).

   B. Unpaid overtime compensation and liquidated damages in an amount to be determined at the time of trial, in addition to reasonable attorney fees and costs pursuant to 29 USC § 216(b).

Page 18 of 21 – COMPLAINT

2.	Second Claim for Relief – Mrs. Deng against defendants Bing's, Paul Joe, and Sue Joe:

    A.	Unpaid minimum wages and liquidated damages in an amount to be determined at the time of trial, in addition to reasonable attorney fees and costs pursuant to 29 USC § 216(b).

    B.	Unpaid overtime compensation and liquidated damages in an amount to be determined at the time of trial, in addition to reasonable attorney fees and costs pursuant to 29 USC § 216(b).

3.	Third Claim for Relief – YuanXiang against defendants Bing's, Paul Joe, and Sue Joe:

    A.	Unpaid overtime wages, unpaid wages (including unpaid minimum wages), and penalty wages, in an amount to be determined at trial, as well as any equitable relief deemed appropriate by the court, in addition to reasonable attorney fees and costs pursuant to ORS 653.055(1), (2), and (4); ORS 652.200; ORS 652.140; and ORS 652.150.

4.	Fourth Claim for Relief – Mrs. Deng against defendants Bing's, Paul Joe, and Sue Joe:

    A.	Unpaid overtime wages, unpaid wages (including unpaid minimum wages), and penalty wages, in an amount to be determined at trial, as well as any equitable relief deemed appropriate by the court, in addition to reasonable attorney fees and costs pursuant to ORS 653.055(1), (2), and (4); ORS 652.200; ORS 652.140; and ORS 652.150.

**JON H. WEINER,** Attorney at Law
*Of Counsel to Harris Law Firm, P.C.*
1595 Commercial Street NE, Salem, OR 97301
Tel. (503)399-7001  Fax (503)399-0745

5.      Fifth Claim for Relief – Canwen against defendants Bing's, Paul Joe, and Sue Joe:

     A.   Unpaid overtime wages, unpaid wages (including unpaid minimum wages), and penalty wages in an amount to be determined at trial, as well as any equitable relief deemed appropriate by the court, in addition to reasonable attorney fees and costs pursuant to ORS 653.055(1), (2), and (4); ORS 652.200; ORS 652.140; and ORS 652.150.

6.      Sixth Claim for Relief – YuanXiang against defendants Bing's, Paul Joe, and Sue Joe:

     A.   Unpaid wages and penalty wages, in an amount to be determined at trial, as well as any equitable relief deemed appropriate by the court, in addition to reasonable attorney fees and costs, pursuant to ORS 652.200, ORS 652.140 and ORS 652.150.

7.      Seventh Claim for Relief – Mrs. Deng against defendants Bing's, Paul Joe, and Sue Joe:

     A.   Unpaid overtime wages, unpaid wages (including unpaid minimum wages), and penalty wages, in an amount to be determined at trial, as well as any equitable relief deemed appropriate by the court, in addition to reasonable attorney fees and costs pursuant to ORS 652.200, ORS 652.140 and ORS 652.150.

8.      Eighth Claim for Relief – Canwen against defendants Bing's, Paul Joe, and Sue Joe:

     A.   Unpaid overtime wages and unpaid wages (including unpaid minimum wages), in an amount to be determined at trial, as well as any equitable relief deemed appropriate by the court, in addition to reasonable attorney fees and costs pursuant to ORS 652.200, ORS 652.140 and ORS 652.150.

**JON H. WEINER,** Attorney at Law
*Of Counsel to Harris Law Firm, P.C.*
1595 Commercial Street NE, Salem, OR 97301
Tel. (503)399-7001  Fax (503)399-0745

9.      Ninth Claim for Relief – All Plaintiffs against defendants Bing's, Paul Joe, and Sue

Joe:

A.  Economic damages in an amount to be determined at trial.

B.  Non-economic damages in the form of severe emotional distress in an amount to

be determined at trial.


DATED this 17th day of May 2013.

/s/ Jon H. Weiner
Jon Weiner, OSB#99394
jweiner@nw-attorneys.com
Harris Law Firm
1595 Commercial Street NE
Salem, OR 97301
Tel: (503) 585-2450
Fax: (503) 585-0205
Of Attorneys for Plaintiffs

Page 21 of 21 – COMPLAINT