IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**YUANXIANG ZHANG, LIQIONG DENG,**
 **and CANWEN ZHANG**,

        Plaintiffs,

        v.

**BING'S RESTAURANT, INC., an Oregon**
**domestic business corporation, PAUL JOE,**
**and SUE JOE**,

        Defendants.

No. 3:13-cv-00838-MO

OPINION AND ORDER

**MOSMAN, J.**,

On July 14, 2014, Defendants Paul Joe, and Sue Joe filed a Motion to Set Aside Entry of Default Against All Defendants. On July 14, 2014, Defendant Bing's Restaurant Inc. separately filed a Motion to Set Aside Entry of Default Against Bing's Restaurant, Inc. Defendants believe that they can satisfy the "good cause" requirement of FRCP 55(c) for the setting aside of an entry of default. Both motions are **DENIED**.

## Background

Plaintiffs Yuanxiang Zhang, Liqiong Deng, and Canwen Zhang ("Plaintiffs") initiated an action against Defendants alleging violations of the Fair Labor Standard Act's ("FLSA") minimum wage and overtime provisions, with related state law wage-and-hour claims, on May 17, 2013. Compl. [1] at 7–18. After a series of motions for extension of discovery deadlines, the

1 – OPINION AND ORDER

court set a discovery deadline of June 17, 2014. Order [28]. From the time that the Plaintiffs asserted their claims against Defendants, Defendants have continuously failed to provide documents and make themselves available to complete discovery. At one point in the discovery period, Defendants' counsel at the time, Ms. Elizabeth Semler, was unable to locate or communicate with Defendants. Anthony Estrada Decl. at ¶5. Judge Susan Leeson, a court appointed mediator, had difficulty tracking down and communicating with Defendants and therefore no date for mediation was ever set. Id. at ¶14. Plaintiffs sent requests for admissions to Defendants' addresses of record only to later find out that Defendants could no longer be reached at those addresses. Id. at ¶¶17, 19. Neither Plaintiffs nor the court received any notice regarding the Defendants' change of address. Id. Plaintiffs were later able to serve requests for admissions on Defendants via certified mail on at least two different occasions, but to date have not received any responses. Id. at ¶20. Neither Defendant Paul Joe nor Defendant Sue Joe appeared for their scheduled depositions with Plaintiffs' counsel. Paul Joe Decl. [41] at ¶29; Sue Joe Decl. [40] at ¶10. Plaintiffs did not receive a single document as part of discovery from Defendants until June 17, 2014. Anthony Estrada Decl. at ¶39.

## Legal Standard

Under FRCP 55(c), a court may set aside an entry of default judgment for "good cause." In the Ninth Circuit, the "good cause" standard of FRCP 55(c) for setting aside an entry of default is the same standard as that of FRCP 60(b) for vacating a default judgment. *Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925 (9th Cir. 2004) (citing *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001)). The Ninth Circuit has consistently held that the "good cause" analysis requires district courts to determine whether:

2 – OPINION AND ORDER

1. reopening the default judgment would prejudice the plaintiff,
2. the defendant has a meritorious defense, or
3. the defendant engaged in culpable conduct that led to the default.

*Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984); *see also, Franchise Holding II, LLC.*, 375 F.3d at 926, *Knoebber*, 244 F.3d at 696. As these factors are disjunctive, the district court can deny a motion to set aside an entry of default if any of these factors is true. *Franchise Holding II, LLC.*, 375 F.3d at 926 (citing *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000)). The party seeking to set aside the entry of default has the burden of proving that the three factors favor setting aside the entry of default. *See Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988).

## DISCUSSION

### I. Prejudice

I have determined that Plaintiffs will not suffer any relevant form of prejudice if the entry of default is set aside because the only prejudice that Plaintiffs will suffer is being required to continue to litigate their claim on its merits. In order to constitute prejudice under this test, the setting aside of the entry of default must result in greater harm than simply delaying resolution of the case. *See Knoebber*, 244 F.3d at 701. In other words, plaintiffs' ability to pursue their claims must be hindered. *See Faulk*, 739 F.2d at 463. Plaintiffs have failed to rebut Defendants' argument that they will not suffer any form of relevant prejudice. Plaintiffs argue that this case is fourteen months old and has made little to no progress, and that they are individuals of limited means and therefore should not have to endure further delay in having their claims adjudicated. Pls.'Mem of Support [48-1] at 10–11. Passage of time and lost interest on the use of funds are not relevant forms of prejudice under the *Faulk* Test, and therefore this first factor of "good cause" weighs in favor of setting aside the entry of default.

**II.     Meritorious Defense**

I have determined that Defendants have sufficiently shown that they may have a meritorious defense at trial. In order to satisfy the meritorious defense prong of the *Faulk* Test, Defendants must show that "there is some possibility that the outcome of the suit after a full trial [would] be contrary to the result achieved by default." *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986). The burden of proof on the party seeking to set aside the entry of default is not extremely high. *Knoebber*, 244 F.3d at 700. As the court in *Signed Personal Check* explained:

> All that is necessary to satisfy the "meritorious defense" requirement is to allege sufficient facts that, if true, would constitute a defense: "the question whether the factual allegation [i]s true" is not to be determined by the court when it decides the motion to set aside the default. Rather, that question "would be the subject of the later litigation."

*U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1094 (9th Cir. 2010) (quoting *Knoebber*, 244 F.3d at 700) (internal citations omitted).

Defendants have come forward with several defenses that they believe create a "possibility that the outcome of the suit after a full trial [would] be contrary to the result achieved by default." *Stone*, 794 F.2d at 513. For example, Defendants argue that they have witnesses whose testimony can prove that Plaintiff Canwen Zhang never worked for Bing's Restaurant, and that Plaintiffs Yuanxiang Zhang and Liqiong Deng did not work all the hours that they claim in their complaint. Def. Memo in Support [43] 12–13. In addition, Defendants list several factual allegations that suggest they would be able to prove that at least one of Plaintiffs' claims would be time barred. Id. If these facts were found to be true, the outcome at trial would be different than the outcome in default. *Stone*, 794 F.2d at 513.

4 – OPINION AND ORDER

Plaintiffs' response to Defendants' claim of a meritorious defense is that Defendants are now barred from establishing many of these facts based on FRCP 36(a)(3). Defendants have failed to ever respond to Plaintiffs' requests for admissions. Under FRCP 36(a)(3), a matter is admitted unless, within 30 days, the party to whom the request is directed objects to the matter in a writing signed and served on the party who initially made the request for an admission. The effect of an admission is that the matter admitted is conclusively established. FRCP 36(b). However, under FRCP 36(b) the court, under certain circumstances, can allow a party to amend or withdraw an admission. Defendants argue that if I were to set aside the entry of default, they would move under FRCP 36(b) to withdraw their admissions. If that motion were granted, they could attempt to establish the facts discussed above which would then in turn create the possibility of a final result contrary to the result achieved by default. *Stone*, 794 F.2d at 513. While it is not at all clear that Defendants would be able to meet FRCP 36(b)'s requirements to withdraw an admission, it is nevertheless possible that they could and therefore possible that this case would end in a result contrary to the result achieved by default. I find that Defendants have, even if just by the skin of their teeth, met the extremely low requirements of the meritorious defense prong of the *Faulk* Test. Therefore this second factor for "good cause" weighs very weakly in favor of setting aside the entry of default.

### III.    Culpable Conduct Leading to Entry of Default

Finally, Defendants argue that they have not engaged in any culpable conduct leading to default. "[D]efendant's conduct [is] culpable for purposes of the *Faulk* factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Knoebber*, 244 F.3d at 698. Defendants argue that their conduct in this case is not the result of any devious, deliberate, willful or bad faith plans, but rather is the result of a lack of

5 – OPINION AND ORDER

understanding of the legal system and how the discovery process works. Def. Memo. in Support [43] at 7. Defendant Paul Joe argues that he failed to understand the significance of the discovery deadline and what the consequences of failing to meet that deadline were. Id at 8. Defendants Paul Joe and Sue Joe argue that they each had innocent explanations for not attending their depositions despite notice from opposing counsel of their requirement to appear at the scheduled times. Paul Joe Decl. at ¶29; Sue Joe Decl. at ¶10. Defendant Sue Joe argued that she was justified in ignoring any and all discovery requests she received because she was relying in good faith on her son, Defendant Paul Joe, to handle the discovery process. Def. Memo. in Support [43] at 10.

I am not convinced by the Defendants' attempts to justify their conduct as simply a product of their lack of familiarity with the legal system and a few good faith mistakes. Although when viewed in isolation, Defendants' conduct does not appear to evidence any grossly devious, deliberate, willful or bad faith conduct, when taken as a whole, Defendants' conduct shows a pattern of inattentiveness and lack of diligence in moving along these proceedings that I find to constitute deliberate, bad faith conduct, and therefore culpable conduct under the *Faulk* Test.

First, throughout the proceedings Defendants have made it hard to track them down and communicate with them. Defendants' changed their address without notifying anyone. As was detailed earlier, at one point not even their own counsel was able to get into contact with them. Defendants also appear to have avoided or ignored attempts by Judge Leeson to set a date for mediation. Defendants offered no explanation for any of this behavior.

Second, Defendant Paul Joe's conduct surrounding his missed deposition evidences deliberate, bad faith conduct. Defendant Paul Joe failed to attend his scheduled deposition because he thought that the parties had reached a settlement and that therefore he was excused

from attending his deposition. Defs.' Reply in Support at 6. At this point in the proceedings, however, Defendants had retained the services of Clarence Belnavis, an attorney, to help guide them through the settlement process. Id. at 5. By merely asking Mr. Belnavis or picking up the phone and calling opposing counsel or the court, Defendant Paul Joe could have easily cleared up any doubt as to whether he was still expected to attend his deposition. Knowing that he was unfamiliar with the legal process, Defendant Paul Joe's failure to make any attempt to verify whether or not he still needed to attend his deposition is evidence of bad faith conduct.

Third, Defendants failed to respond to Plaintiffs' requests for production of documents despite notice of the relevant deadlines. Defendants make a lot of the fact that on May 16, 2014, when Defendants and Plaintiffs met in Plaintiffs' counsel's office, they claim they attempted to serve Plaintiffs with documents responsive to Plaintiffs' first request for production of documents. Defs. Memo of Support [43] at 10. Defendants claim that Plaintiffs refused to accept the documents because the documents were disorganized and not properly labeled. Id. Defendants claim that Plaintiffs told them to organize the documents and that they could wait to deliver the documents until Defendant Paul Joe's deposition which was scheduled to occur one month later. Id. Whether or not this is true, it ignores the fact that these documents referred to were due for production on February 17, 2014. Pls. Memo in Support [48-1] at 4. It also ignores the fact that on April 2, 2014, Plaintiffs' counsel sent a letter to Defendants informing them that they had missed the February deadline and that the documents should be delivered as soon as possible. Id. at 6. Whether or not Plaintiffs did or did not in fact refuse to accept Defendants' produced documents at the May 16, 2014 meeting should not obscure the fact that those documents were three months overdue and were produced over a month after Defendants were made aware that the documents were overdue. This blatant disregard for discovery deadlines,

even in the face of notice of those deadlines, is further evidence of Defendants' bad faith conduct.

Finally, Defendant Sue Joe unconvincingly argues that she has not committed any devious, deliberate, willful or bad faith acts because she entrusted all matters relating to these proceedings to Defendant Paul Joe. I cannot accept this as a justification for good faith conduct. Defendant Sue Joe believed that it was appropriate to have Defendant Paul Joe, given his personal knowledge of the underlying facts of this case, deal with all discovery requests and manage all other aspects of Defendants' case. However, to accept this as a basis for setting aside an entry of default against Defendant Sue Joe would have the precedential effect of encouraging willful blindness to a co-party's bad faith and inattentiveness. Although it may be appropriate to designate one co-party as the point person for handling discovery and managing the case, I believe that it constituted culpable conduct for purposes of the *Falk* Test when Defendant Sue Joe handed over the case and ignored all discovery requests without any attempts ever to verify that Defendant Paul Joe was taking at least minimal steps to comply.

Taken together, Defendants' conduct constitutes a long string of actions that has inexcusably prolonged the resolution of this case. Defendants cannot point to any exigent circumstances that justify their discovery failures.[1] I find that Defendants in their individual capacities and in their capacities as the managers of Defendant Bing's Restaurant, Inc. have failed to show that they have not engaged in culpable conduct that led to the entry of default.

---

[1] *See e.g., TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 669 (2001) (default judgment set aside because pro se defendant's failure to answer a cross-claim was justified by her exigent circumstances (e.g. husband had recently died and she was in the process of selling her home and moving when her window to respond was running)); *Falk v. Allen*, 739 F.2d 461, 461, 464 (9th Cir. 1984) (failure to appear at a hearing and failure to respond to entry of judgment was due to a need to leave the country for medical treatment and difficulty in obtaining legal assistance).

Given the extent of Defendants' bad faith conduct, this factor of the *Falk* Test weighs heavily in favor of denying Defendants' motion to set aside the entry of default.

## IV. Conclusion

Because Defendants failed to show a lack of culpable conduct leading to default, Defendants have therefore failed to meet the "good cause" requirement of FRCP 55(c) for setting aside an entry of default. Defendants Paul Joe and Sue Joe's Motion to Set Aside Entry of Default Against All Defendants is **DENIED**. Defendant Bing's Restaurant, Inc.'s Motion to Set Aside Entry of Default Against Bing's Restaurant, Inc. is **DENIED**.

IT IS SO ORDERED.

DATED this  15th  day of September, 2014.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge