IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**YUANXIANG ZHANG, LIQIONG DENG,**
**and CANWEN ZHANG**,

             Plaintiffs,

     v.

**BING'S RESTAURANT, INC.,** an Oregon
domestic business corporation**, PAUL JOE,**
**and SUE JOE**,

            Defendants.

No. 3:13-cv-00838-MO

OPINION AND ORDER

**MOSMAN, J.**,

On June 18, 2014, I granted Plaintiffs' Motion for Entry of Default Against All

Defendants. On July 14, 2014, Defendants separately filed motions to set aside the entry of

default. I denied those motions. Now before the court is Plaintiffs' Motion for Default Judgment

[60]. Plaintiff's motion is granted, and I have adopted their proposed judgment subject to the

modifications described herein.

**Legal Standard**

Once default is entered against a party, the well-pled factual allegations in the

Complaint are taken as true. *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

"However, a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (internal quotation marks omitted) If the court determines that the defendant is in default, all allegations except those as to damages may be taken as true. *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990) (citing *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977)).

FRCP 36 allows a party to serve on any other party a written request to admit the truth of any matters relating to facts, the application of law to facts, or opinions about either; and the genuineness of any described documents. Fed. R. Civ. P. 36(a)(1). "A matter is admitted, unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer. . . . If a matter is not admitted, the answer must specifically deny it. . ." Fed. R. Civ. P. 36(a)(3)–(4). "Requests for admissions cannot be used to compel an admission of a conclusion of law." *Playboy Enters., Inc. v. Welles*, 60 F.Supp.2d 1050, 1057 (S.D. Cal. 1999).

## DISCUSSION

### I.    <u>Facts Admitted</u>

On February 21, 2014, Plaintiffs served all Defendants with a copy of several requests for admissions ("RFA") via first-class and certified mail. (Estrada Decl. [47-3] at ¶17.) Responses to these requests were therefore due on March 26, 2014. The certified copies sent to Defendants Paul Joe and Sue Joe were eventually returned as undeliverable. (*Id.*) Plaintiffs, however, did receive certified confirmation that the RFAs were successfully delivered to Defendant Bing's Restaurant. (*Id.*) Defendant Bing's Restaurant did not respond to the RFAs until August 11, 2012. (Griggs Decl. [50] at ¶3.) Therefore, the facts in the RFAs are deemed admitted and are conclusively established as to Defendant Bing's Restaurant. Fed. R. Civ. P. 36(b).

Plaintiffs state that they re-sent RFAs to Defendants Paul Joe and Sue Joe on April 17, 2014, but I have no evidence that supports this fact. Plaintiffs cite to a declaration from Anthony Estrada as evidence of this fact. There are two problems, however, with Mr. Estrada's declaration. First, the declaration is titled "Declaration of Anthony Estrada" and it is signed by Anthony Estrada, but the first line of the declaration states, "I, Jon H. Weiner, declare as follows." (Estrada Decl. [31-1] at 1.) This error causes me to doubt the accuracy and reliability of the other statements contained in the declaration. Even if I were to ignore this defect, the portion cited by Plaintiff states that on April 17, 2014, Plaintiffs served all Defendants with copies of Plaintiffs' First Interrogatories; this says nothing about re-sending the RFAs. (*Id.* at 5– 6.) Given the lack of evidence regarding when Defendants Paul Joe and Sue Joe received the RFAs, I cannot conclude that the relevant time period to respond lapsed making the facts contained in the RFAs admitted and therefore conclusively established.

Ultimately, however, this has little effect on the outcome of this motion. The purpose the RFAs served against Defendants Paul Joe and Sue Joe is to establish that they are jointly and severally liable with Defendant Bing's Restaurant for all of Plaintiffs' alleged damages. Nothing in the RFAs, however, establish that conclusion. The only relevant admission is number 45, which states: "Admit that Bing's, Paul Joe, and Sue Joe are each individually and jointly-and-severally liable as to each of the claims asserted by plaintiff in the Compliant filed in this matter . . . and the damages alleged therein." (Requests for Admissions [60-2] at 11.) This admission is merely a legal conclusion that piercing the corporate veil and holding Defendants Paul Joe and Sue Joe individually liable for their corporation's actions is appropriate, and is devoid of any supporting facts. I agree with the California District Court in *Playboy Enterprises* that this is not an appropriate use of an RFA. *See Playboy Enters., Inc.*, 60 F.Supp.2d at 1057. Therefore, even

if I found the RFAs to conclusively establish the facts contained therein as to Defendants Paul

Joe and Sue Joe, I still would not hold them individually liable for the damages contained in the

complaint because there are no admitted facts that support the conclusion that Defendants should

be stripped of the limited liability protections afforded to business incorporated in Oregon.

Defendant Bing's Restaurant alone is liable to Plaintiffs.

The RFAs conclusively establish the following relevant facts against Defendant Bing's

Restaurant:

1. Plaintiffs were all employed by Defendant Bing's Restaurant during the alleged damages periods. (RFAs 1–3.)

2. Plaintiffs were entitled to receive minimum wages and overtime wages pursuant to federal and state law. (RFA 4,6.)

3. Plaintiffs Zhan and Deng worked an average of 54 hours a week. (RFA 10.)

4. Plaintiff Canwen worked 70 hours a week from October, 2007 until December, 2007, 24 hours a week from January, 2008 until June 2008, and 24 hours a week from August, 2008 until February, 2009. (RFAs 20, 23, 25.)

5. Plaintiffs' documents containing an accounting of wages accrued, wages actually paid, and wages still owed to Plaintiffs is true, correct, and complete. (RFA 43.)

6. Defendant Bing's Restaurant was aware of its various duties under the relevant federal and state minimum wage laws. (RFAs 27, 29, 31, 33, 35, 37, 39–41.)

7. Defendant Bing's Restaurant failed to fulfill its duty to provide the minimum required hourly wages. (RFAs 28, 30. 32, 34, 36, 38, 39–41.)

## II.   **Calculation of Damages**

With the relevant facts above conclusively established, the calculation of the proper

damages award becomes a rather simple and straight forward task. Under ORS 653.055,

Plaintiffs are able to recover all of their unpaid wages from 2007 through 2012. Plaintiffs are

also able to recover the civil penalties provided in ORS 652.150 because they were entitled to

unpaid wages at the time of their respective terminations. Under 29 U.S.C. §§ 216 & 255,

Plaintiffs are able to recover their unpaid overtime wages, and statutory liquidated damages for their unpaid wages and overtime from 2010 through 2012 because Defendant Bing's Restaurant willfully failed to pay Plaintiffs statutorily mandated minimum wages.[1] Under 29 U.S.C. § 216, ORS 653.055 and ORS 652.200, Plaintiffs are entitled to their reasonable attorney fees and costs.

I adopt by reference the calculations of the unpaid wages owed to Plaintiffs found throughout Plaintiffs' motion. (Pls.' Motion for Default Judgment [60].) These calculations require two minor corrections that will be described below, but are otherwise an accurate calculation of the damages owed that can be established by the evidence available in this case.

### A.    *2010 Unpaid Overtime*

In their 2010 unpaid overtime calculation, Plaintiffs argue that they worked an average of 54 hours a week for 32.5 weeks for that year. (*Id.* at 9–10, 16–17.) Plaintiffs then calculate the overtime they should have been paid if they worked 14 hours of overtime a week for 32.5 weeks. (*Id.*) Defendants correctly point out that if Plaintiffs worked for only half a week, they would have only worked 27 hours and would not be entitled to overtime under federal or state law. (Defs.' Opposition [62] at 12–13, 19.) Therefore, the proper value for both the 2010 unpaid overtime wages and 2010 overtime wage liquidated damages is $1881.60, and not the $1,911.00 that Plaintiffs' used in their damages calculation. Plaintiffs' damages calculation should therefore be decreased by $117.60.[2]

---

[1] I find that Defendant Bing's Restaurant willfully violated 29 U.S.C. §§ 206–207 because it admitted that it was aware of its duty to pay a minimum wage and it failed to do so. (See RFAs 27–41.) Nowhere in Defendants' opposition did they challenge Plaintiffs' attempt to recover three years of overtime wages and liquidated damages.
[2] The total amount should be reduced by $29.40 for four different line items in Plaintiffs' damages calculation (Zhang's unpaid overtime wages and overtime wages liquidated damages; and Deng's unpaid overtime wages and overtime wages liquidated damages).

**B.**    ***State Law Penalty Wages***

Under ORS 652.150, Plaintiffs are entitled to recover civil penalties for the unpaid wages they were owed at the time of their respective terminations. The penalty wages are calculated based on an employee's hourly rate of pay, at 8 hours per day, for no more than 30 days from the date that payment of wages was due. (ORS 652.150.) In Plaintiffs' calculation, they include overtime wages and they use more than 8 hours a day. (Pls.' Motion for Default Judgment [60] at 38–39.) This was a mistake. The proper value for the state law penalty wages is $2,112.00 and not the $2,147.20 that Plaintiffs used in their damages calculation. Plaintiffs' damages calculation should therefore be decreased by $70.40.[3]

## CONCLUSION

Due to the extensive facts that were conclusively established against Defendant Bing's Restaurant by Plaintiffs' RFAs, I find that there is sufficient evidence on the record to support Plaintiffs' damages calculation, after modifying it according to the changes I described above. There is not, however, sufficient evidence to support a conclusion that I should pierce the corporate veil and hold Defendants Paul Joe and Sue Joe jointly-and-severally liable in their individual capacities for Defendant Bing's Restaurant's actions.

I therefore find it proper to enter an award of $223,741.64 in favor of Plaintiffs against Defendant Bing's Restaurant, itemized as follows:

- **Total Damages for Plaintiff Zhang:** $105,316.98

- **Total Damages for Plaintiff Deng:** $104,316.98

- **Total Damages for Plaintiff Canwen:** $14,107.68

---

[3] The total amount should be reduced by $35.20 for two different line items in Plaintiffs' damages calculation (Zhang's state law penalty wages, and Deng's state law penalty wages).

As discussed above, Plaintiffs are also entitled to seek reasonable attorney fees and costs under 29 U.S.C. § 216, ORS 653.055 and ORS 652.200.

IT IS SO ORDERED.

DATED this __3rd__ day of November, 2014.


/s/ Michael W. Mosman_____
MICHAEL W. MOSMAN
United States District Judge